ST. PAUL, J.
 

 Plaintiff’s husband held an accident policy in defendant company, which policy contained a clause providing that: “This insurance does not cover * * * injuries, fatal or otherwise, sustained by the Insured while in or on any vehicle or mechanical device for aerial navigation, or on falling therefrom or therewith, or while operating or handling any such vehicle or device. * * * ”
 

 During the term of the policy, the insured was killed under circumstances which are set forth in the plaintiff’s petition substantially as follows, to wit, that her deceased husband, the insured, with some friends, chartered a seaplane for a trip across Lake Pontchartrain; that they flew therein across the lake and alighted in the Tchefuncta river alongside the shore; that the insured landed, and, after conversing a while with some friends, returned to said plane, which was still alongside the shore, and stepped on the wing thereof to get aboard; that while On said wing the propeller was revolving and was not seen by him; and that he stepped within the path of said propeller and was struck and fatally injured.
 

 ‘
 
 To this petition the defendant Set up an exception of no cause of action,4 and, this exception having been sustained, the plaintiff appeals.
 

 We think the exception was properly sustained. It is quite clear that the clause in the policy above quoted meant very distinctly that the defendant would assume no risk connected with “aerial navigation.” In this case the insured was in the very act of embarking on an aerial trip, and was injured and killed as a direct result of his said effort to embark thereon. We are therefore not presently concerned with what might or might not have been defendant’s liability had the insured
 
 *386
 
 stepped aboard the machine inadvertently or merely out of curiosity; the fact being that he stepped aboard the plane for the purpose of participating in an aerial flight, and knew, or should have known, that the defendant had declined to take the risk of his being injured while doing so.
 

 Decree
 

 The judgment appealed from is therefore affirmed.